IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RANDALL DU MA'S,

    Plaintiff,

v.

TRIMET,

    Defendant.

No. 3:21-cv-00593-HZ

OPINION & ORDER

Randall Du Ma's
7911 SE King Roads, Unit 71
Portland, OR 97222

 Pro Se Plaintiff

HERNÁNDEZ, District Judge:

 Plaintiff Randall Du Ma's brings this action against Defendant TriMet. Plaintiff moves to proceed *in forma pauperis*. The Court grants his motion to proceed *in forma pauperis*. However, because Plaintiff has failed to state a claim for relief against Defendant, the Court dismisses Plaintiff's Complaint.

///

1 – OPINION & ORDER

**STANDARDS**

A complaint filed *in forma pauperis* may be dismissed at any time if the court determines that:

(A) the allegation of poverty is untrue; or

(B) the action or appeal—

    (i)   is frivolous or malicious;

    (ii)  fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). *See also Nietzke v. Williams*, 490 U.S. 319, 324 (1989) (sua sponte dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Nietzke*, 490 U.S. at 325.

**DISCUSSION**

When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A complaint is subject to dismissal if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id*. (citations and footnote omitted).

To meet the requirements of Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id*. at 679.

In section III of Plaintiff's Complaint, which is labeled "Statement of Claim," Plaintiff wrote only the word "Causation." Compl. at 4, ECF 2. The word causation is insufficient under Fed. R. 12(b)(6) to state a plausible claim for relief. Under section IV, labeled "Relief" Plaintiff wrote the words "Prayer Monetary $710,000,000,000,000." *Id.* Nothing in Plaintiff's Compliant allows the Court to infer that Defendant is liable for any misconduct under federal law. As a result, Plaintiff's Complaint fails to state a plausible claim for relief.

Section II of Plaintiff's Complaint alleges that the Court has federal question jurisdiction but does not list the federal law(s) that Plaintiff's claim arises under. Compl. at 3. To invoke federal question jurisdiction, a case must arise under the United States Constitution, federal law, or treaties. 28 U.S.C. § 1331. To establish that the Court has jurisdiction to hear this case, Plaintiff must identify which federal law, constitutional provision, or treaty his claims arise under. *Id.* His failure to identify the legal basis for his claims renders his Complaint legally insufficient and fails to establish the Court's jurisdiction.

The Court notes that Plaintiff attached a number of documents to his Complaint. Those documents include, among other documents, filings and orders issued in a case entitled *Du Ma's v. TriMet* that was heard by the Multnomah County Circuit Court. In that case, Plaintiff appears to have alleged a claim that he was injured in July 2016 when a TriMet bus stopped at an unmarked stop, and the bus driver ordered him to exit the bus. Those documents, to the extent that Plaintiff intended to incorporate them by reference in his Complaint, are insufficient to state a claim for relief arising under the United States Constitution, federal laws, or treaties. *See Iqbal*, 556 U.S. at 678 (to state a plausible claim for relief, a plaintiff must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

## CONCLUSION

Plaintiff's application for leave to proceed *in forma pauperis* [1] is GRANTED. Plaintiff's Complaint [2] is DISMISSED with leave to amend. Plaintiff may file an amended complaint that states the facts supporting his claim and the provisions of the United States Constitution, federal laws, or treaties that his claim arises under within 30 days of this order. Failure to do so will result in dismissal of Plaintiff's claims without prejudice and without further notice.

IT IS SO ORDERED.

DATED: April 29, 2021.

MARCO A. HERNÁNDEZ
United States District Judge